1  DENNIS A. CAMMARANO/BAR NO. 123662
   JEREMY B. GARD/BAR NO. 269265
2  CAMMARANO LAW GROUP
   555 East Ocean Boulevard, Suite 501
3  Long Beach, California  90802
   Telephone:  (562) 495-9501
4  Facsimile: (562) 495-3674

JS - 6

5  Attorneys for Defendant, Cross-Complainant
   and Third-Party Plaintiff,
6  FOX GLOBAL LOGISTICS CORPORATION

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10 GREAT AMERICAN INSURANCE ) Case No.: 2:14-cv-04430-PA-E
   COMPANY OF NEW YORK, a )
11 corporation; )
                                 ) **ORDER DISMISSING THE**
                                 ) **ENTIRE ACTION**
12            Plaintiff, )
                                 )
13 vs. )
                                 )
14 FOX GLOBAL LOGISTICS )
   CORPORATION, a corporation; )
15 CHINA OCEAN SHIPPING )
   COMPANY AMERICAS, INC., a )
16 corporation; COSCO CONTAINER )
   LINES AMERICAS, INC., a foreign )
17 corporation; HYUNDAI MERCHANT )
   MARINE CO., LTD., a foreign )
18 corporation; HYUNDAI MERCHANT )
   MARINE (AMERICA), INC., a )
19 corporation; CHINA SHIPPING )
   (NORTH AMERICA) AGENCY CO., )
20 INC., a corporation; CHINA SHIPPING )
   CONTAINER LINES CO., LTD., an )
21 entity of unknown form; NIPPON )
   YUSEN KAISHA d.b.a. NYK LINE, a )
22 foreign corporation; NYK LINE )
   (NORTH AMERICA), INC., a )
23 corporation; )
                                 )
24            Defendants. )
   _____ )
25 FOX GLOBAL LOGISTICS )
   CORPORATION, a corporation, )
26                               )
                                 )
27            Cross-Complainant )
                                 )
28                               )

*Order Dismissing the Entire Action*

|   |   |   |
|---|---|---|
| 1 | vs. | ) |
| 2 |   | ) |
| 3 | COSCO CONTAINER LINES CO., LTD.; and ROES 1 through 10, inclusive, | ) |
| 4 |   | ) |
| 5 |   | ) |
| 6 | Cross-Defendants<br>_____ | ) |
| 7 | FOX GLOBAL LOGISTICS CORPORATION, a corporation; | ) |
| 8 |   | ) |
| 9 | Third-Party Plaintiff, | ) |
| 10 | v. | ) |
| 11 | SHANGHAI EVER-DEVELOP INTERNATIONAL LOGISTICS CO., LTD.; and MOES 1 through 10, inclusive, | ) |
| 12 |   | ) |
| 13 |   | ) |
| 14 | Third-Party Defendants.<br>_____ | ) |

**PURSUANT TO STIPULATION AND FOR GOOD CAUSE SHOWN**, it is hereby ordered:

1. The entire action is dismissed, with prejudice, except FOX GLOBAL's Third-Party Complaint against SHANGHAI EVER-DEVELOP INTERNATIONAL LOGISTICS CO., LTD., ("SHANGHAI EVER-DEVELOP"); and,

2. With respect to FOX GLOBAL's Third-Party Complaint against SHANGHAI EVER-DEVELOP, that pleading to be dismissed, without prejudice.

This disposes of the entire action.

**IT IS SO ORDERED.**

Dated: November 10, 2014

_____
PERCY ANDERSON
UNITED STATES DISTRICT COURT JUDGE

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, am over the age of 18, and not a party to this action. My business address is 555 East Ocean Boulevard, Suite 501, Long Beach, California 90802. On November 10, 2014, I served the foregoing document(s) described as **ORDER DISMISSING THE ENTIRE ACTION [PROPOSED]** on the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Joshua E. Kirsch, Esq. | Alan Nakazawa, Esq. |
| Stanley L. Gibson, Esq. | COGSWELL NAKAZAWA & CHANG LLP |
| GIBSON ROBB & LINDH LLP | 444 West Ocean Boulevard, Suite 1410 |
| 201 Mission Street, Suite 2700 | Long Beach, CA 90802 |
| San Francisco, California  94105 | |

☐ **BY PERSONAL DELIVERY**. I delivered such envelope by hand to the offices of the addressee.

☐ **BY MAIL**. I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Long Beach, California. I am "readily familiar" with the firm's practice of collection and processing correspondence and pleadings for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE TRANSMISSION**. I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. The facsimile machine used complies with California Rule of Court 2003 and no error was reported by the machine. Pursuant to California Rules of Court 2006, et al., I caused the machine to print a transmission record of the transmission and the transmission record was properly issued by the transmitting facsimile machine.

☐ **BY OVERNIGHT CARRIER**. I caused such envelope(s) to be given to an overnight mail service at Long Beach, California, to be hand delivered to the office of the addressee(s) on the next business day.

☐ **BY E-MAIL**. Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic transmission, any electronic message or other indication that the transmission was unsuccessful.

X   **By CM/ECF**. By electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them via email as indicated above.

Executed on November 10, 2014, at Long Beach, California

☐ **(State)**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

X   **(Federal)**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_s/Meagan Ittner_____
Meagan Ittner